# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2012

No. 12-50239
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE OSVALDO SANCHEZ-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2888-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Osvaldo Sanchez-Castillo was sentenced to a 46-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. Sanchez-Castillo argues that his sentence, which is at the low end of his advisory guidelines range of 46 to 57 months of imprisonment, is unreasonable because it is greater than necessary as measured by the factors identified in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50239

As no assertion is made that the sentence imposed resulted from any procedural error committed by the district court, we confine our review to whether the sentence is substantively unreasonable under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Sanchez-Castillo argues that his sentence does not adequately take into account the circumstances of his offense or his history. The district court at sentencing considered the advisory guidelines range, Sanchez-Castillo's objection to the presentence report, his arguments in support of a variance from the advisory guidelines range, his statement in allocution, and the factors identified in § 3553, determining that a 46-month sentence was appropriate. Thus, the record reflects that the district court made an individualized determination at sentencing based on the facts presented and in light of the § 3553(a) factors. *See Gall*, 552 U.S. at 50.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States*, 551 U.S. 338, 347 (2007). Sanchez-Castillo argues, for the purpose of preservation of the issue for possible further review by the Supreme Court, that a sentence imposed under § 2L1.2 should not be accorded that presumption because it is not empirically based and thus results in an excessive sentence. As he concedes, however, his argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), and *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Sanchez-Castillo has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has thus failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, the district court's judgment is AFFIRMED.